# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18-cv-07729 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| MIDWEST BRICKPAVING INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Court grants in part and denies in part Defendants' "Memorandum of Law in Opposition to Partial Summary Judgment and Incorporated Rule 56(d) Motion," to the extent that the response-to-a-motion/motion is a motion at all. *See* Dckt. No. 45. Defendants basically ask for more time to respond to Plaintiffs' five-months-old motion for summary judgment.

Rule 56(d) provides that the Court "may" give latitude to the nonmoving party when another party moves for summary judgment. *See* Fed. R. Civ. P. 56(d). The Court may "defer considering the motion" or "allow time to obtain affidavits or declarations or to take discovery." *Id.* But it isn't mandatory, as the use of the word "may" reveals. *Id.* And there's a catch. The nonmoving party must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Id.* The Rule "requires more than a fond hope that more fishing might net some good evidence." *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864 (7th Cir. 2019); *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005). The nonmovants must show what facts they still need, and why they don't have them.

Defendants fall short of that standard for three reasons.

First, Defendants' motion comes late in the game.  A party can't take his or her time before asking for more time.  If the nonmoving party needs more time to gather evidence, they should say so, and soon.  *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000) ("[A]lthough a specific time is not stated in the rule, we believe that a party needing additional discovery is under an obligation to bring the issue before the court in an expeditious manner.").  Here, Plaintiffs moved for summary judgment on August 8, 2019, but Defendants did not request more time until December 12, 2019, four months later.  *See* Dckt. Nos. 22, 45. And it's not as if Defendants only recently learned of their need for additional discovery. Defendants asked the Court for more time to investigate their fraud theory during the hearing on October 31, 2019.  *See* Dckt. No. 40.  The Court gave Defendants another month and a half to oppose the motion for summary judgment.  *Id.*

Second, Defendants have not identified what "essential" facts they still need.  *See* Fed. R. Civ. P. 56(d).  Defendants claim that they hope to assert "fraud and/or misconduct in obtaining the JGC award" as a defense to the summary judgment motion.  Dckt. No. 45, at 9; Dckt. No. 46-1, at ¶ 9.  That's not a specific fact.  That's a general theory of the case.  Defendants cannot simply speculate that they will uncover more evidence with more time.  *See Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 885 (7th Cir. 2005) (affirming a district court's denial of a request for more discovery based on "mere speculation" that plaintiff might uncover the "smoking gun"); *see also* Arthur R. Miller, 10B Fed. Prac. & Proc. Juris. § 2741 (4th ed. 2019) ("Moreover, the 'hope' or 'hunch' that evidence creating an issue of fact will emerge at trial is insufficient to delay a ruling on summary judgment under Rule 56(d).").

Third, Defendants have failed to explain why they haven't gathered the evidence by now. That is, they haven't articulated "reasons" with "specifi[city]" about why they are not ready to

present essential facts to oppose the summary judgment motion. Fed. R. Civ. P. 56(d); *see also Grayson v. O'Neil*, 308 F.3d 808, 816 (7th Cir. 2002) (affirming the denial of a request for more discovery when plaintiff "offered no explanation for his failure to uncover the evidence" earlier). A nonmovant must "show that the delay in discovering the relevant evidence was the result of circumstances beyond" their control. 11 James WM. Moore *et al.*, Moore's Federal Practice § 56.102[1] (3d ed. 2019).

The nonmovant's diligence (or lack thereof) looms large when a court considers a motion for more time to respond. *See* 11 James WM. Moore *et al.*, Moore's Federal Practice § 56.103[1] (3d ed. 2019). "The party must have been diligent both in pursuing discovery before the summary judgment motion was made and in pursing the request for additional time." *Id*. The Federal Rules both require and reward diligence. A party cannot obtain more time under Rule 56(d) by sitting on his or her hands, and doing little or nothing to pursue discovery. *See Grayson v. O'Neil*, 308 F.3d 808, 816-17 (7th Cir. 2002). Rule 56(d) "will not be applied to aid a party who has been lazy or dilatory." Arthur R. Miller, 10B Fed. Prac. & Proc. Juris. § 2741 (4th ed. 2019). The Federal Rules help those who help themselves.

The existence of a potential affirmative defense, without more, is not enough to prolong the need to respond to a summary judgment motion. A party needs to act like the affirmative defense is worth pursuing. If Defendants have a fraud defense, then they needed to gather evidence to support it.

Defendants have not invested in their own defense by taking discovery. Defendants have acted like the juice isn't worth the squeeze. The backstory of this case shows that Defendants have not taken advantage of ample opportunities to gather evidence to support their defenses.

3

Plaintiffs filed their complaint on November 20, 2018 (Dckt. No. 1), and discovery opened on March 12, 2019. The Court ordered that discovery would close on September 12, 2019. Dckt. No. 16. That is, the Court ordered a discovery period lasting six months. From day one, Defendants knew that they would have half a year to gather any evidence.

On August 8, 2019, one month before the close of fact discovery, Plaintiffs filed their motion for summary judgment on Count III of the complaint. *See* Dckt. No. 22. At that point, Defendants had the benefit of five months of discovery, and counting.

Defendants knew that they had work to do. According to the Joint Report on Discovery filed on August 12, 2019, *see* Dckt. No. 26, both parties had outstanding discovery requests and intended to serve responses within the discovery period. *See* Dckt. No. 26, at 2-3. Still, Defendants knew that the clock was ticking on the summary judgment motion.

Meanwhile, the case was reassigned to this Court. The reassignment took place before this Court's predecessor set a deadline for Defendants to respond to Plaintiffs' summary judgment motion. *See* Dckt. No. 28, 31. So, Defendants had the benefit of an interregnum period, without a deadline set by this Court.

After reassignment, the parties filed an Initial Status Report and represented (incorrectly) that this Court's predecessor had not set a discovery deadline. *See* Dckt. No. 37, at 4; *but see* Dckt. No. 16 (Order dated March 12, 2019) ("Discovery is ordered closed by 9/12/2019."). Then, during the initial status hearing before this Court on October 31, 2019, both parties reported that they were overdue on written discovery responses. Dckt. No. 40.

So this Court set a schedule. The Court directed Plaintiffs to produce documents and serve discovery responses by November 7, 2019, and ordered Defendants to do the same by November 25, 2019. *Id.* The Court also gave the parties leave to file a motion for an extension

if they needed more time. *Id.* ("If the parties can show progress has been made and provide a good reason for an extension, the parties may file a motion for extension."). No party filed a motion for more time to complete written discovery.

The Court also set a schedule on Plaintiffs' motion for summary judgment, giving Defendants yet more time. The Court ordered Defendants to respond by December 12, 2019. *Id.* That deadline was generous. Again, discovery opened on March 12, and Plaintiffs filed for summary judgment on August 8. *See* Dckt. No. 22. This Court's deadline of December 12 meant that Defendants had four months to continue to collect discovery. That's four months above and beyond the five months of discovery that took place before Plaintiffs filed for summary judgment. So, nine months total.

Defendants now ask for even more time to develop their fraud defense. But the fraud defense is not a recent development. Defendants previewed that defense during the hearing on October 31, 2019, and this Court took it into account when setting a deadline of December 12, 2019. *See* Dckt. No. 40 (Order dated Oct. 31, 2019) ("Defendants' counsel discussed potential defenses, including the claim that the JGC award may be tainted by misconduct or fraud. . . . The Court further directs Defendant[s] to file a response to Plaintiff[s]' Motion for Summary Judgment by December 12, 2019."). Months ago, Defendants knew that they had a limited window to finish discovery, and that the window was closing. But Defendants apparently took no discovery.

Defendants argue that Plaintiffs filed for summary judgment before the parties had completed written discovery. *See* Dckt. No. 46-1, at ¶ 7. But the motion was filed in August – five months ago. Defendants have had five months to complete written discovery. And they had

five months to complete written discovery *before* Plaintiffs filed for summary judgment. Ten months is a lot of runway to gather written discovery.

Defendants don't claim that Plaintiffs stonewalled discovery. In fact, Plaintiffs have responded to all outstanding requests. *See* Dckt. No. 48, at 5 ("Plaintiffs have fully answered Defendants' discovery requests."). It wouldn't matter, anyway. Delays by the party moving for summary judgment generally don't justify a nonmovant's request for more time. *See* 11 James WM. Moore *et al.*, Moore's Federal Practice § 56.102[1] (3d ed. 2019). And the Rules provide other means – better means – of addressing a party who obstructs discovery. *See, e.g.*, Fed. R. Civ. P. 37. Even so, there are no pending discovery disputes on the docket, so Plaintiffs are not clogging up the works. *Cf. Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 868 (7th Cir. 2019).

Defendants claim that they uncovered facts in a concurrent case, *Alvarez et al. v. Midwest Brickpaving, Inc. et al.*, No. 16-cv-09371 (N.D. Ill.), that support their fraud theory. *See* Dckt. No. 46-1, at ¶ 6. By all appearances, Defendants already have the information they need to oppose the summary judgment motion.

Defendants point to the fact that they haven't "taken depositions in this litigation." *See* Dckt. No. 45, at 5; Dckt. No. 46, at 9 ¶ 9; Dckt. No. 46-1, at ¶ 7. Whose fault is that? Defendants have had 10 months to take depositions. And they apparently haven't even tried.

Incredibly, as of January 9, 2020, Defendants hadn't even "*noticed* any depositions," let alone taken any. *See* Dckt. No. 48, at 5 (emphasis added). So, one month after asking for more time, and five months after Plaintiffs filed for summary judgment, Defendants haven't even gotten around to serving deposition notices. Defendants cannot get more time by sitting on their hands. Doing nothing is not a pocket veto on a motion for summary judgment.

Defendants claim that their defenses are "factually intensive" and that they have an "undeveloped factual record." Dckt. 45, at 9. But again, Defendants have not pursued discovery with the requisite "intens[ity]." *Id.* Defendants should have invested the time to develop the "undeveloped" record. *Id.*

On this record, Defendants candidly do not deserve more time. They have not satisfied the requirements of Rule 56(d). Still, as a matter of grace, this Court will grant one final extension. Defendants can have three additional weeks to file a supplemental response to the summary judgment motion. Defendants may file a supplemental response by February 10, 2020. Plaintiffs may reply by February 24, 2020. And no more extensions.

By any conceivable metric, that deadline is more than reasonable. Plaintiffs filed for summary judgment on August 8, 2019, and Defendants will respond by February 10, 2020. That's six months. Half a year is more than enough time to gather evidence and respond to a summary judgment motion. Defendants had the summary judgment motion one month after the Fourth of July, and they will file a supplemental response shortly before Valentine's Day. In effect, Defendants will receive almost twice as much time as the Court originally permitted to gather discovery. The amount of time that will have elapsed between the motion and the supplemental response (186 days) is more than the entire discovery period originally authorized by the Court (184 days).

Viewed as a whole, Defendants will have had almost a full year – 335 days, to be exact – of fact discovery before responding. If Defendants cannot gather evidence to support their affirmative defense in 11 months, then it probably isn't worth pursuing. Defendants shall file their supplemental response to Plaintiffs' summary judgment motion by February 10, 2020.

Date: January 17, 2020

_____
Steven C. Seeger
United States District Judge